FILED
 2011 Jul-22  PM 03:29
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLOTTE STEWART, ET AL.,** | ) |
| **PLAINTIFF,** | ) |
| **VS.** | )   2:11-cv-768-JHH |
| **QBE INSURANCE CORPORATION,** | ) |
| **DEFENDANT.** | ) |

### MEMORANDUM OPINION AND ORDER

The court has before it the April 20, 2011 Motion to Alter, Amend, or Vacate (Doc. #10) filed by Plaintiffs Charlotte Stewart, Joel Debruce, Sameria Harris, Ethan Debruce, Ingela Grant, Shyteria Debruce, Brittaney Debruce, Jasmine Debruce, Pamela Thomas, and Anthony Perry (collectively referred to as "Plaintiffs"). Pursuant to the court's June 16, 2011 order (Doc. #11), Defendant QBE Insurance Corporation ("QBE") filed a Response (Doc. #12) to the Motion to Alter, Amend, or Vacate on June 30, 2011, and on July 7, 2011, Plaintiffs filed a Reply (Doc. #13) in Support of their Motion to Alter, Amend, or Vacate. The Motion (Doc. #10) to Alter, Amend, or Vacate is now under submission and due to be granted for the following reasons.

**I.  Background**

Plaintiffs commenced proceedings in the Circuit Court of Jefferson County, Bessemer Division, Alabama on October 24, 2008 in an action styled *Charlotte Stewart, et al. v. Brighton Cemetery, Inc., et al.*, Civil Action No. CV-2008-001470 (the "underlying action") alleging negligence, wantonness, breach of contract, and outrage against numerous defendants for the acts which occurred during the burial service of Estella M. Perry. (*See generally* Doc. #5, ¶ 1 and Exh. 1 to Doc. #1). On November 9, 2010, the Plaintiffs entered into a Settlement and Consent Judgment with one of the defendants, Deddric Tarver, a resident of Jefferson County, Alabama, an agent for defendant Brighton Cemetery LLC, and an insured of the garnishee QBE Insurance Company, for $900,000. (*See* Doc. #2, Exh. 3). On the same day, Honorable Circuit Judge Eugene Verin of Jefferson County, Alabama entered a Final Judgment in favor of the Plaintiffs and against defendant Deddric Tarver, the insured of QBE Corporation, for $900,000. (*See* Doc. #5, ¶ 3).

On January 20, 2011, Plaintiffs caused a Process of Garnishment to be issued in the underlying action against garnishee QBE. (*See* Doc. #2, Exh. 4). The process of garnishment was served on QBE on February 1, 2011 (*see* Doc. #1), and on February 5, 2011, QBE removed the instant garnishment proceeding to this court from the Circuit Court of Jefferson County, Alabama, Bessemer Division. (*Id.*)

Plaintiffs sought to have the action remanded to the Circuit Court of Jefferson

2

County, Alabama, Bessemer Division. (*See* Doc. #5). The Motion to Remand (Doc. #5) contended that diversity of citizenship did not exist among the parties to the garnishment proceeding. (*Id.*) More specifically, Plaintiffs alleged that the garnishment proceeding was a "direct action" under 28 U.S.C. § 1332(c)(1), and, therefore, QBE should be deemed a citizen of the state of citizenship of Tarver, i.e. Alabama, which destroys diversity between QBE and Plaintiffs.[1] (*Id.*)

On April 7, 2011 this court entered a Memorandum Opinion and Order (Doc. #9) denying Plaintiff's Motion to Remand. The Opinion focused on the question of whether the "direct action" limitation of 28 U.S.C. § 1332(c)(1) applied to the garnishment proceeding, so as to strip this court of diversity jurisdiction, and adopted the definition of "direct action" as limited to "those cases where an aggrieved plaintiff files suit against the wrongdoer <u>without</u> either joining the wrongdoer as a defendant <u>or</u> first obtaining a judgment against the wrongdoer." (*See* Doc. #9 at 4, 8). "In this case," the court concluded, "Plaintiffs initiated garnishment proceedings against QBE only after securing a judgment against Tarver, QBE's insured . . . Because Plaintiffs obtained a judgment against Tarver before initiating a garnishment action against

---

[1] Contrary to the court's assertion otherwise in its Order (Doc. #11) of June 16, 2011, the court enjoys a taste of humble pie and admits that Plaintiffs did indeed mention the issue of Palomar Insurance Company as a co-garnishee in its Reply to Defendants Response to Plaintiffs Motion to Remand. (*See* Doc. #8 at 2).

3

Tarver's insurer, which judgment was a precondition to said garnishment, the court concludes that the instant case is not a 'direct action' for purposes of § 1332(c)(1)." (Doc. #9 at 8-9). Accordingly, QBE was properly deemed diverse from Plaintiffs such that Tarver's Alabama citizenship did not accrue to QBE. (*See* Doc. #9 at 9).

Plaintiffs' Motion (Doc. #10) to Alter, Amend, or Vacate argues that in retaining jurisdiction over the removal this court failed to consider: (1) the fact that a co-garnishee of QBE, Palomar Insurance Company ("Palomar"), is an Alabama corporation such that complete diversity cannot exist amongst the parties to the garnishment, and (2) that the Eleventh Circuit has determined that in cases that may require a declaratory judgment, such declaratory judgment must be heard in state court.[2] (*See* Doc. #10 at 1-2). The parties have each had the opportunity to brief those arguments, and the Motion (Doc. #10) is ripe for review.

## II.  Legal Standards for Remand

Under 28 U.S.C. § 1441(a), "[a]ny civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204

---

[2] Although the Motion (Doc. #9) to Alter, Amend, or Vacate contained a third ground for reconsideration, the court rejected that ground in its Order (Doc. #11) dated June 16, 2011.

F.3d 1069 (11th Cir. 2000).  Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). However, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly . . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999).  Moreover, "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Therefore, the burden in this case is on QBE to establish complete diversity.[3] *Id.* at 1287 (citation omitted).

## III.  Discussion

As set out earlier and in the Memorandum Opinion of April 7, 2011, the garnishment action initiated by Plaintiffs against garnishee QBE Insurance Corporation ("QBE") in Jefferson County Circuit Court, and removed to this court,

---

[3] The court notes that there is no contention between the parties over whether the amount in controversy threshold has been met, as the garnishment proceeding seeks recovery for a judgment entered against QBE's insured in the amount of $900,000.  As such, the court does not discuss this element of diversity jurisdiction.

is not considered a direct action under 28 U.S.C. § 1332(c)(1). Therefore, the citizenship of Tarver, QBE's insured, does not accrue to QBE, and on that question the court properly maintains jurisdiction over the action. (*See generally* Doc. #9). However, the end result changes if Palomar, undisputedly an Alabama corporation (*see* Doc. #10 at 3; *see also* Doc. #12 at 3), is a proper co-garnishee to the action. In that event, complete diversity in this direct action no longer exists, and the case must be remanded to state court.

Plaintiffs allege that QBE Insurance was not garnished in isolation; Palomar was also garnished, it is alleged, for the same debt, at the same time, over the same policy. (*See* Doc. #10 at 3). Therefore, Palomar destroys diversity unless the garnishments, one against QBE and one against Palomar, were two separate actions. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002) ("In order for federal diversity jurisdiction to exist, each defendant must be diverse from each plaintiff."), *overruled on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71 (2006). (*See also* Doc. #10 at 3).

Plaintiff's argument is that it is impossible for the court to find that the garnishments were two separate actions "since both garnishments were filed on the same policy, with the same insured, on the same day" and because, based on the face of the policy in question, Palomar and QBE may be jointly and severally liable for the

6

coverage.[4] (*See* Doc. #10 at 4). Defendant QBE counters, not surprisingly, that the garnishments filed against QBE and Palomar are separate and independent, that there must be independent bases for jurisdiction in both actions and cites (only) to *Berry v. McLemore*, 795 F.2d 452, 456 (5th Cir. 1986)[5] in support of that argument. (*See* Doc. #12 at 4-6).

But *Berry* does not help QBE with the establishment of complete diversity as is QBE's burden in a removal action. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n. 4 (11th Cir. 1998) (holding that the removing party has the burden of proving that complete diversity exists between all plaintiffs and all defendants). While *Berry* held that writs of garnishments were actions "separate and independent from the action giving rise to the judgment debt" and that "ancillary jurisdiction to enforce [a] judgment does not extend to . . . garnishment actions," these findings were couched in the conclusion that no "parallel or shared liability was contemplated" against the two garnishees. *See Berry*, 795 F.2d at 455-456. This is in stark contrast to the case currently before this court, wherein Plaintiffs allege that QBE and Palomar

---

[4] That policy reads:

> In return for the payment of the premium, and subject to the terms of this policy, we agree with you to provide the insurance as stated in the policy.

(Exh. A to Doc. #10).

[5] The *Berry* decision of course is not binding on this court.

are co-garnishees with joint and several liability. (*See* Doc. #10 at 3-6).

Moreover, it would be improper for this court to deem Palomar fraudulently joined to the action. (*See* Doc. #12 at 6-8). In *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302 (11th Cir. 2001), the Eleventh Circuit emphasized the limits of the fraudulent joinder analysis, stating:

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis in original).

*Id.* at 1305; *see also Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court.").

While the Eleventh Circuit has indeed established that fraudulent joinder exists

"where there is no joint, several, or alternative liability between a diverse defendant, and the plaintiff's claims against the non-diverse defendant otherwise bear no real connection to the claims asserted against the diverse defendant," *Triggs*, 154 F.3d at 1287, the question of the potential liability of Palomar is currently pending in front of Judge Eugene Verin in the Circuit Court of Jefferson County, Alabama. (*See* Doc. #13 at 2). It is not for this court to decide the merits of that case.[6] *See Calcote v. Texas Pac. Coal & Oil Co.*, 157 F.2d 216, 218 (5th Cir. 1946) ("Jurisdictional questions come first in the orderly disposition of a case. A precarious jurisdiction that limits the scope of judicial decision on the merits cannot be entertained.").

Because Palomar is potentially a co-garnishee and undisputedly an Alabama corporation, diversity jurisdiction does not exist in this case, and this action is due to be remanded to the Circuit Court of Jefferson County, Alabama, Bessemer Division. A separate order will be entered. The Motion to Alter, Amend, or Vacate (Doc. #10) is **GRANTED**.

    **DONE** this the ___22nd___ day of July, 2011.

                                       */s/ James H. Hancock*
                                       SENIOR UNITED STATES DISTRICT JUDGE

---

[6] Further, there is no need for this court to consider Plaintiffs' alternative ground for remand, that declaratory judgments must be heard in state court. (*See* Doc. #10 at 6-8).